## Bentley v. Bentley

*Stuart A. Culbertson*, for libellant.

*J. Perry Eckels*, for respondent.

MOOK, P. J., November 30, 1948.—Plaintiff filed a complaint in divorce on June 29, 1948. No service was made upon defendant by the sheriff and on September 8, 1948, his return was filed in the office of the prothonotary wherein he stated that: "He has made diligent search and inquiry for defendant in said County and he could not be found therein".

On September 10, 1948, a præcipe for publication was filed and on the same day the prothonotary indorsed upon the complaint: "Service by Publication Directed". However, no publication was made.

On September 14, 1948, plaintiff's attorney discovered that defendant was in the vicinity of the court-

house and he had the sheriff make service of a copy of the complaint upon him at once, without having the complaint reinstated as required by Pa. R. C. P. 1010, governing actions of law adopted by the Supreme Court of Pennsylvania.

No answer was filed by defendant, but on the same day, to wit, September 15, 1948, an appearance was entered for defendant upon the prothonotary's docket by J. Perry Eckels, a member of the bar of Crawford County.

On September 7, 1948, on a motion of Stuart A. Culbertson, plaintiff's attorney, the court appointed E. Lowry Humes master in the case. Thereafter, it was discovered that no service had been made upon defendant at that time and the case was not at issue. Accordingly, on October 16, 1948, we revoked the master's appointment and on the same day reappointed Mr. Humes as master. A hearing was held before the master on October 25, 1948, and testimony taken. A waiver of notice of the hearing was filed by the attorney for defendant.

The master filed his report wherein he recommended that the complaint be dismissed solely for the reason that the court was without jurisdiction due to the fact that there was no valid service on defendant as the complaint had not been reinstated by the prothonotary at the time that service was made upon him by the sheriff.

It is our opinion that the master is correct in his conclusion that no valid service was made upon defendant, but we think the entry of a general appearance by defendant through counsel constituted a waiver of the irregularities of the service of process by voluntary submission to the jurisdiction of the court.

The Act of July 10, 1935, P. L. 644, 23 PS §31, provided that:

"The entry of a general appearance shall be equivalent to personal service of the subpœna and libel.

"The entry of a general appearance, by or in behalf of, a respondent shall not be deemed collusion."

This act was suspended by paragraph three of Pa. R. C. P. 1459: "Except in so far as it provides that the filing of the general appearance shall not be deemed collusive."

However, we think that the suspension of this provision of the divorce law was made because the matter was already covered by the Rules of Civil Procedure governing the action of assumpsit, which apply under the provisions of Pa. R. C. P. 1121, relating to the action of divorce or annulment of marriage except as otherwise provided in Pa. R. C. P. 1121 to 1355, relating to divorce or annulment of marriage.

Among the rules relating to the action of assumpsit we find in Pa. R. C. P. 1012 the following:

"A party may enter a written appearance which shall state an address within the county at which papers may be served."

In the discussion under this rule on page 72 of Goodrich Amram-Standard Pennsylvania Practice, the author points out that filing of a general appearance constitutes a waiver of any question of jurisdiction over the person of defendant. It is, therefore, our opinion that it was the intention of the authors of the new rule and of the Supreme Court to make no change in the law relating to the effect of a general appearance in an action of law. The effect of the general appearance, as stated in 1 Standard Pa. Practice 409, §150, is:

"An entry of a general appearance is a waiver of all objections to the jurisdiction of the court over the person of the defendant, whether such objections are based upon irregularities in the form of the summons or other writ issued to bring the defendant into court, or in the

service or return thereof. By his general appearance the defendant submits himself to the jurisdiction of the court and is considered in court for all purposes. In other words, after the defendant enters a general appearance, the case proceeds as if commenced by due service of process."

Therefore, the fact that defendant in this case was served with a copy of the complaint which was invalid or a nullity is of no moment, since by the entry of an appearance defendant submitted himself to the jurisdiction of the court as effectively as if no service had ever been made upon him at all.

Therefore, we are of the opinion that we do have jurisdiction over the parties and in view of the recommendation of the master that defendant is clearly guilty of wilful and malicious desertion for a period of more than two years, we have this day entered an order decreeing a divorce in this case and the prothonotary is directed to enter the appropriate decree.